[No. 5812.   Decided January 5, 1906.]

A. H. CLAMBEY, *Respondent,* v. JENNIE CORLISS, *Appellant.*[1]

APPEAL — REVIEW — OBJECTIONS TO PLEADINGS — TRIAL ON AGREED FACTS. Where a case is tried upon an agreed statement of facts, objections to the pleadings may be eliminated from the case on appeal.

MORTGAGES — CONSTRUCTION — WHETHER COLLATERAL OR ORIGINAL UNDERTAKING—RELEASE BY CHANGED RELATION OF PRINCIPAL. Where mortgages are executed pursuant to a tripartite agreement, whereby the mortgages were given by two of the parties to the third party, and the mortgagee agreed to pay stated sums to each mortgagor, it cannot be claimed by one of the mortgagors that he executed his mortgage as a surety mortgage, when the contract contains no reference to such suretyship and it was stipulated that certain liens against his land should be discharged, and there were other direct considerations moving to him, and it was one entire transaction; hence his mortgage would not be discharged by changed relations between the other two parties to the agreement.

Appeal from a judgment of the superior court for Island county, Hatch, J., entered February 17, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*George McKay,* for appellant.

*S. S. Langland* and *S. D. King,* for respondent.

HADLEY, J.—This action was instituted to foreclose a mortgage upon real estate. One of the defendants, Jennie Corliss, interposed a defense. She became the holder of the mort-

[1] Reported in 83 Pac. 422.

gaged land by virtue of a quitclaim deed executed by the mortgagor subsequent to the giving of the mortgage. In her answer she avers that the plaintiff has released and discharged the mortgage. The cause was tried upon an agreed statement of facts which showed that, on April 24, 1902, the plaintiff in the action and the defendants C. W. Corliss and the Patentee's Manufacturing Company, a corporation, entered into a tripartite written agreement. By the terms of that agreement, the plaintiff agreed and promised to pay to the other two parties to the agreement the sum of $5,200, of which sum the agreement states $1,000 was to be paid to one Cantrell for a purpose specified, but not stating on whose account or for whose obligation it was to be so paid. It was also specified that such portion of the $5,200 as should be necessary for the purpose should be applied to the discharge of all liens or claims against certain lands of said C. W. Corliss. All of the balance of the $5,200 was to be paid into the treasury of said Patentee's Manufacturing Company to carry on its work of manufacturing. The agreement also provided that the plaintiff should assign to said C. W. Corliss all of plaintiff's stock in the Snoqualmie Boom Company.

In consideration of the plaintiff's part of said agreement, viz., the payment of the $5,200 and the assignment to said Corliss of the said stock, the corporation agreed to issue bonds in the sum of $10,000, secured by a first mortgage on all its property, and that it would deliver to the plaintiff bonds in the sum of $6,000. Said Corliss also agreed that, to secure said $6,000 of bonds, he would execute a mortgage to plaintiff upon certain land, and would also assign to him, fifty-five thousand shares of the capital stock of said corporation. Said agreement was fully carried into effect, and the mortgage given by Corliss in pursuance of the agreement is the one now sought to be foreclosed. Thereafter the said corporation was insolvent and unable to meet its obligations, and it entered into an agreement with creditors, including the plaintiff, whereby it transferred all its property to one Camp-

bell, as trustee. In pursuance of the trust arrangement, the trustee sold the property and distributed the proceeds as provided in the agreement. The trustee paid to plaintiff $898.75, to be applied upon the indebtedness represented by said bonds. It is stipulated that no release of the mortgage in suit was ever demanded, and that no release has ever been made, unless the facts agreed upon amount in law to a release.

The court found that $146.69 was paid by the trustee to unsecured creditors and that, as the plaintiff has an interest in the company's first mortgage upon all its assets securing the bonds to the extent of six-tenths thereof, that portion of said last named sum should, therefore, have been applied to reduce the amount of plaintiff's claim as secured by the mortgage in suit, and it was accordingly so reduced. The plaintiff was awarded foreclosure for the unpaid balance, according to the terms of the mortgage. The defendant Jennie Corliss has appealed.

Appellant in her answer simply alleges that the plaintiff has released and discharged the mortgage. No other affirmative allegation appears in the answer. She does not contend that any release was ever entered of record, or that any other direct and specific release was made between the parties. Her contention is that the mortgage was given as a collateral or surety obligation only, to secure the debt of another owing to the plaintiff, and that she, as the holder of the land, is entitled to urge the release of the mortgage as a surety obligation through operation of law, by reason of certain acts of the mortgagee done with the consent of the principal debtor. The facts upon which she bases her claim that the mortgage has been released are not pleaded in her answer. Inasmuch as she seeks to raise the question of suretyship, the respondent suggests that she has not sufficiently brought that matter into the issues made by the pleadings. In view of the statutory provision found in Bal. Code, § 5707, it might be so argued; but as the case was tried upon an agreed

statement of facts, we shall eliminate that subject from our discussion of the case.

Appellant in her argument concedes that the questions raised by her are reducible to one, viz., was the plaintiff's mortgage discharged by reason of the facts? Her contention is that the mortgage given by Corliss, her grantor, was only a surety obligation given to secure the debt of the Patentee's Manufacturing Company. She urges that the transfer of the assets of that insolvent corporation to a trustee, the subsequent sale thereof, and the application of the proceeds upon the debt secured by its mortgage, without foreclosure of the latter, should be held to have discharged the mortgage in suit. She does not allege, and it is not shown, that the sale of the assets was not for reasonable value, or that she has been injured by a sale for an inadequate sum. She only contends that the mortgage is a surety contract, and that the contractual relations have been so modified and changed that the surety has been released.

From the stipulated facts we do not think it should be held that the mortgage sustained the mere relation of a surety to the original transaction. The written agreement which led to the making of this mortgage states that it was made with both the manufacturing company and Corliss, and no reference is made to the former as a principal or to the latter as a mere surety. It is drawn in form as an ordinary joint agreement, making no distinction as to the obligation of one from the other. It recites that the plaintiff agreed to pay both parties, not to the company only, $5,200. More than that, it specifically recites that a part of the money, the amount not specified, should be used to pay liens and claims against the land of Corliss. That was a direct consideration moving to Corliss and for his benefit. It also recites that the respondent should assign certain boom company stock to Corliss. With these specified considerations moving to Corliss, he agreed to, and did, execute the mortgage in suit.

The respondent's relation to the matter was simply that he agreed to pay, and did pay, to both the other parties $5,200, and he also assigned the boom company stock to Corliss. It was to respondent a single and entire transaction, and he was to receive, and did receive, in return for what he paid and assigned, bonds of the corporation in the face sum of $6,000, secured by the company's mortgage on its assets, and by the Corliss mortgage on this land. We therefore think the Corliss mortgage was not collateral to the other, and that it was not intended as mere surety for the other, but that it was as much primary security to respondent as was the company's mortgage. There were simply two mortgages given by different parties to secure the same thing, viz., the payment of the money furnished by respondent and the value of the assigned boom company stock. Both mortgagors were beneficially interested in the thing secured. The company's mortgage secured $4,000, in addition to the $6,000 held by respondent; but the Corliss mortgage secured nothing but the $6,000, which he agreed to secure and which amount the agreement says was to be paid to both him and the company. Neither mortgage was collateral, but each was original, since it was made in consideration of a benefit and advantage peculiar to the mortgagor. Stearns, Law of Suretyship, § 39.

Since we view the relations of the parties as above stated, it is unnecessary for us to discuss other questions relating to the defense of suretyship, which have been discussed in appellant's brief. We think it was not error to decree foreclosure of the mortgage, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, CROW, RUDKIN, and DUNBAR, JJ., concur.